FRIEDA COHEN, as Administratrix, etc., of MICHAEL COHEN, Deceased, Respondent, *v.* A. GOODMAN & SONS, INC., Appellant.

First Department, November 7, 1919.

Motor vehicles — negligence — pedestrian killed by automobile while crossing street — violation of traffic ordinance as evidence of negligence — ordinance requiring vehicle to keep to right of street — ordinance regulating speed — judicial notice of ordinances.

In an action to recover damages for the death of a person killed by an automobile while he was crossing a street, negligence of the defendant cannot be predicated upon the violation of an ordinance which provides that vehicles shall keep to the right-hand side of the road and as near the curb as practicable, unless it appears that such violation had a direct connection with the accident.

However, in such an action the violation by the defendant of an ordinance regulating the speed of motor vehicles, may be considered by the jury as bearing upon the question of the defendant's negligence.

The courts may take judicial notice of the ordinances of the city of New York.

APPEAL by the defendant, A. Goodman & Sons, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of December, 1918, upon the verdict of a jury for $15,000, and also from an order entered in said clerk's office on the 24th day of December, 1918, denying defendant's motion for a new trial made upon the minutes.

*Frederick Mellor*, for the appellant.

*Moses Feltenstein* of counsel [*M. N. Schleider*, attorney], for the respondent.

LAUGHLIN, J.:

On the 3d day of September, 1918, the plaintiff's intestate, while crossing the carriageway of Convent avenue, from west to east, at or near the southerly crosswalk of West One Hundred and Thirty-third street, was struck, knocked down and injured by a motor truck owned by the defendant and engaged in its business, which was going southerly on

Convent avenue. He died shortly thereafter from the injuries thus sustained and this is a statutory action to recover for his death which it is alleged was caused by the negligence of the defendant's chauffeur in operating the truck. The negligence charged is the failure to keep the truck under reasonable and proper control, failure to check its speed, failure to give the decedent reasonable opportunity to avoid it and to cross the street in safety, failure to comply with the ordinances of the city of New York regulating vehicular traffic upon the public streets and generally failure to exercise reasonable care, diligence and prudence in the premises.

The uncontroverted evidence shows that the carriageway was thirty-nine feet in width and was paved; that there was no other vehicle or any obstruction on the avenue; that it was a bright, dry day; that the accident occurred between four and five o'clock in the afternoon; that the truck was traveling in the middle of the pavement until after it came opposite an electric light pole which was located at the westerly curb about midway between the northerly line and the northerly curb line of West One Hundred and Thirty-third street; that the decedent had wheeled a baby carriage containing his infant child about eight months of age across the avenue from the easterly side and left it on the sidewalk at the southwesterly corner of the avenue and One Hundred and Thirty-third street and was attempting to cross back to the easterly sidewalk where he had left his little boy about three years of age. The evidence is also in substantial accord to the effect that the decedent was within about four or five feet of the easterly curb of the avenue when he was run over by the truck, and that after it struck him it continued on over the curb, onto the sidewalk, and against a stone wall at the easterly side of the avenue, striking the wall with great force.

On the part of the plaintiff evidence was given tending to show that the truck was approaching at a very rapid rate, namely, from twenty to thirty miles per hour, and that after the decedent had passed the middle of the carriageway and the lines within which the truck was traveling the course of the truck was changed, without any signal or warning, so that it followed and ran him down as stated. On the part of the defendant evidence was given tending to show that the

course of the truck was changed by the chauffeur in order to avoid injuring the decedent who, when the truck was opposite said electric light pole, started on a run to cross the avenue from west to east, attempting to pass in front of the truck. Thus the evidence presented questions of fact with respect to the chauffeur's negligence and the contributory negligence of the decedent on which the jury were warranted in predicating liability; and if these issues had been submitted to the jury without error we would not feel justified in disturbing the verdict. But we are of opinion that the learned trial justice erred in permitting the jury to predicate negligence on the part of the defendant, not only on the speed of the truck and the manner in which it was operated by the defendant's chauffeur, but upon the violation of an ordinance which provides that vehicles shall keep to the right-hand side of the road and as near to the curb as practicable. (See Code of Ordinances [1916], chap. 24, art. 2, § 11, subd. 1.) The ordinance regulating the speed of vehicles and providing that speed in excess of that prescribed shall constitute a violation thereof was properly referred to, commented upon and left for the consideration of the jury as bearing on the question of the defendant's negligence. (See Code of Ordinances [1916], chap. 24, art. 2, § 17.) The court then drew their attention to the other ordinance requiring vehicles to keep to the right-hand side of the road and as near to the curb as practicable, and charged that a violation thereof was not negligence as a matter of law but that it was some evidence of negligence to be considered by the jury, and then instructed the jury that the evidence showed that the truck was on the wrong side of the road at the time the accident happened, and that the only reason assigned therefor was the chauffeur's testimony to the effect that he turned to the left to avoid hitting the decedent, and further charged that if the chauffeur's testimony in that regard was true he could not be charged with negligence for being on the wrong side of the road. It will be observed that the instruction to the jury with regard to the chauffeur's being on the wrong side of the road related not to his traveling along the middle of the road before the accident but to the time of the impact with the decedent. At the close of the charge in chief the attorney for the defend-

ant excepted to the court's charge referring to and reading from the ordinances with respect to speed of vehicles and to the keeping to the right and stated that they were not in evidence. Whereupon, the court correctly announced that the courts now may take judicial notice of the ordinances. (See Greater N. Y. Charter, § 1556, as amd. by Laws of 1917, chap. 382.) The attorney for the defendant thereupon excepted particularly to the ordinance requiring vehicles to keep to the right of the road and near the curb on the ground that it was not material to the issues in the case and did not concern the jury and requested the court to charge that the fact that the truck was driving a little to the right of the center of the street and not up against the curb was immaterial to the issues of the case. The court declined so to charge and said: " I leave it to the jury as to whether the chauffeur was proceeding in a careful, prudent manner." The attorney for the defendant duly excepted. The court then stated that the jury had already been instructed that the violation of the ordinance was not of itself negligence but was to be taken into consideration with all the other facts of the case. The attorney for the defendant then stated that his point was that the jury should not be permitted to take into consideration the fact that the chauffeur was driving a little to the right of the center of the street, and not up against the right-hand curb " as any evidence of negligence at all under the issues in this case." The court gave no further instructions to the jury on that point. Counsel for the respondent contended on the appeal, and doubtless it was so argued to the jury, that if the chauffeur had complied with the ordinance and the truck had been traveling along the right-hand side of the carriageway near the curb, the accident would not have happened, for in that event the decedent, without doubt, would have cleared its path before it came sufficiently near to endanger his safety or to cause the chauffeur to lose control of the truck, as it was claimed he did, and overtake him. For aught that appears the verdict on the issue with respect to the defendant's negligence may have been rendered on that theory. We are of opinion that the court erred in so submitting the cause to the jury that they were permitted to predicate negligence on the part of the defendant on that

theory and that the instructions requested by the attorney for the defendant, eliminating from the consideration of the jury the ordinance requiring vehicles to keep to the right and as near to the curb as practicable, should have been given. There may, of course, be circumstances in which a pedestrian might be prejudiced by a failure of a vehicle to observe this traffic ordinance, but they are not presented by this case. If, in the circumstances disclosed by the record in this case, the chauffeur was operating the truck at a proper rate of speed and continued to operate it with due care down the middle of the avenue the decedent had no greater right to attempt to pass it in the middle of the avenue when it was too close for safety than he would have had had it been traveling along the curb, and the liability of the defendant for the conduct of the chauffeur was no greater than if the truck had been traveling close to the curb. If every violation of such an ordinance is to be left to the jury then the negligence of the defendant may always be predicated on that alone where a pedestrian steps in front of a vehicle not traveling in that portion of the street in which it is required to be by the ordinance.

We are of opinion, therefore, that such ordinances should not be left to the consideration of a jury, unless it can be seen that a violation thereof may have had some direct connection with the accident as, for instance, where the person injured or killed had a right to expect compliance with the ordinance and did not discover that the vehicle was where it should not have been in time to avoid injury. In such case it might be said that he was prejudiced by the violation; but such is not the case at bar for here the decedent must have seen where the truck was.

It follows that the judgment and the order appealed from should be reversed and a new trial granted, with costs to the appellant. to abide the event.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.