## COURT OF SPECIAL SESSIONS — CITY OF NEW YORK — SECOND JUDICIAL DEPARTMENT — APPELLATE PART.

January 23, 1923.

## THE PEOPLE v. FRANK SCHULZ.

(1) AUTOMOBILE SPEEDING—ORDINANCE NEED NOT BE PLEADED—LAWS 1917, CH. 382—SECS. 1556, 1901, CH. 466.

It is not necessary to specifically plead in complaint or prove at the trial the ordinance forbidding reckless speeding of automobile in public place.

(2) SAME—EVIDENCE—DIAGRAM.

   A diagram drawn by another person is admissible where the diagram
in every way is supported by the evidence given by the complainant.

Appeal from a judgment of conviction rendered in a City
Magistrates' Court, Second District, Borough of Queens, City
of New York, on November 14, 1922, adjudging the defendant
guilty of operating an automobile in a public place recklessly
and negligently, at a speed and in a manner so as to endanger
or be likely to endanger the life, limb and property of per-
sons then on the public highway, in violation of the Code of
Ordinances of the City of New York, and imposing a fine of
$25, in default of payment of which the defendant was ordered
committed to the City Prison for the term of two days.

Before Hon. FREDERIC KERNOCHAN, Presiding Justice;
Hon. JOHN J. FRESCHI and Hon. JAMES J. McINERNEY,
Justices.

*S. John Block, Esq.,* for appellant.

*Dana Wallace, Esq., District Attorney, Queens County (Mr.
Joseph Leonardo, of counsel),* for respondent.

KERNOCHAN, P. J.:

This is an appeal from a determination made by City Magis-
trate James J. Conway of the City Magistrates' Court, Borough
of Queens, on November 14, 1922, convicting the appellant of
a violation of the provisions of subdivision 1 of section 17 of
article 2 of chapter 24 of the Code of Ordinances of the City
of New York, and sentencing the appellant to pay a fine of $25.

The complaint, made on the 7th day of November, 1922, by
James G. Riley, residing at Malba, county of Queens, in the
City of New York, states that on the 5th day of November,
1922, the defendant, Frank Schulz, was operating, driving or

propelling a motor vehicle on, over and along Whitestone avenue, Whitestone, a public highway in the county of Queens, City of New York. That on the said day the above named defendant, while so operating, driving or propelling the said motor vehicle, did violate the provisions of subdivision 1 of section 17 of article 2 of chapter 24 of said Code of Ordinances, in that he did operate, drive or propel the said motor vehicle recklessly, negligently, at a speed and in a manner so as to endanger or to be likely to endanger the life or limb or property of a person or persons then on the said public highway, and that the said manner in which the said defendant did so operate, drive or propel the said motor vehicle was in violation of the provisions of the said ordinance.

The first point made by the appellant is that the conviction should be reversed for the reason that the said ordinance was not sufficiently pleaded in the complaint or proved at the trial. This is not necessary by virtue of the amendment to chapter 382, Laws of 1917, to section 1556, Greater New York Charter (Laws of 1901, chapter 466), that " all courts in the city shall take judicial notice of City Ordinances." (Cohen v. A. Goodman & Sons, 189 App. Div. 209.)

Subdivision 1 of section 17, article 2 of chapter 24 of the Code of Ordinances of the City of New York forbids the operation of a vehicle recklessly, negligently or in a manner so as to endanger or be likely to endanger the life or limb or property of any person, and it imposes the duty upon the magistrate to decide from the evidence whether such vehicle was driven in such a prohibited manner, and for this purpose is precise enough to inform the defendant of the charge he has to meet.

The ordinance prescribes three different rates of speed, the exceeding of which shall constitute of itself a violation of the statute, whether the driver of the vehicle is negligent or not. Those three rates of speed are eight, twenty and twenty-five miles per hour, dependent upon the character of the locality and the section of the city in which the vehicle is operating.

It also provides that a rate of speed exceeding fifteen miles per hour shall constitute prima facie evidence of a prohibited rate of speed and manner of driving, but provided the driver does not exceed the maximum as laid down in the ordinance he may still defend upon the theory that he was driving in a careful manner.

Exception is taken by the appellant to the admission by the magistrate of the diagram which the complainant testified was drawn by another person under his direction.    In view of the fact that the diagram in practically every way is supported by the evidence given by the complainant, I do not feel that the admission of the diagram was such error as to warrant the appellate court in reversing the determination of the magistrate.

A careful reading of the testimony does not in my opinion justify a reversal of the determination on the ground that the case of the prosecution is not sustained beyond a reasonable doubt.    Judgment of the magistrate should be affirmed.

FRESCHI, J.:

Driving a motor vehicle upon a public highway in a reckless or negligent manner so as to endanger life, limb or property of any person, or likely to cause such results, is prohibited by section 17, article 2 of chapter 24 of the Code of Ordinances of the City of New York.    I find no other ordinance on the subject.

The allegations commonly used in civil negligence cases are employed in the complaint here.    Their sufficiency is challenged.    While the blank printed form was not properly filled out in this case, still the allegations in the main facts and as to substance meet the requirements of the case.    The contention that the Code of Ordinances, number of article and section alleged to be violated set forth in the complaint is not sound. Essential things to be proven are required to be alleged; but ordinances need not be proven inasmuch as they are judicially noticed; and, therefore, it is unnecessary to plead an ordinance.

(16 Cyc. 899; 15 Ency. of Pl. & Pr. 425; Greater New York Charter, § 1556.)   The complaint, without regard to the amendments made and allowed by the trial judge, sufficiently informs the defendant of the charge which is made against him, as required by law to the end that he may properly defend himself.   Evidence should not be included in a complaint.   This class of cases may be sustained without specific allegation and proof of the rate of speed prohibited by the ordinance.   Negligence and recklessness are questions of fact.   Negligence may be established by proof of careless driving and method of handling a motor car without regard to the speed limit.   The rate of speed is one of many circumstances that may be considered in connection with the issue of each case.

Errors are contended in allowing evidence into the record of the case.   The diagram admitted could be eliminated without changing the result.   Diagrams, drawings and photographs of places, etc., if properly verified as being accurate, may be introduced and are frequently allowed in evidence for purposes of illustration.   (Cowley v. People, 83 N. Y. 464; People v. Johnson, 140 N. Y. 350.)   The opinion evidence of the witness Judson, concerning defendant's speed when his car passed just before the collision, while incompetent and inadmissible because no proper foundation was laid for the introduction of such evidence (see Chamberlayne on the Modern Law of Evidence, Vol. 3, § 2086) may be disregarded, as it is not necessarily controlling upon the judgment of the trial judge.   Under other circumstances, such errors might be serious.   In the present case they do not go to the substantial rights of the parties.   In my judgment the case is made out irrespective of such proof.   The whole record presents a question of fact which should not be disturbed if there be any evidence to sustain it. I think there is; and I therefore advise an affirmance of the judgment.

Judgment of conviction in all respects affirmed.   Mr. Justice McInerney dissents, and votes to reverse on the facts.