MARY E. CALLAHAN, as Administratrix of the Estate of HUBERT J. CALLAHAN, Deceased, Appellant, *v.* TERMINAL CAB CORPORATION, Defendant, and ALBERT A. PIERSON, Respondent.

(Argued March 22, 1932; decided April 26, 1932.)

*Dominic B. Griffin* for appellant. The Appellate Division erred in holding that the traffic regulation had no application to the situation. (*People* v. *Harden*, 205 App. Div. 717; *Boronkay* v. *Robinson & Carpenter*, 247 N. Y. 365; *Union Pacific R. R. Co.* v. *McDonald*, 152 U. S. 434; *Hayes* v. *Michigan Central R. R. Co.*, 111 U. S. 410; *Kelly* v. *N. Y. State Rys.*, 207 N. Y. 342; *Fluker* v. *Ziegle Brewing Co.*, 241 N. Y. 40; *State* v. *Bussian*, 111 Minn. 488; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 522; *Marino* v. *Lehmaier*, 173 N. Y. 530; *Grulich* v. *Paine*, 231 N. Y. 311; *Corbett* v. *Scott*, 243 N. Y. 66; *Martin* v. *Herzog*, 228 N. Y. 164; *Viscardo* v. *Galloway*, 227 App. Div. 672; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 72 N. Y. 26.)

*Theodore H. Lord, Daniel R. Harvey* and *James B. Hennzy* for respondent. The trial court erred in charging the jury that the respondent's negligence might be based on the traffic regulation providing that vehicles should keep as near as practicable to the right-hand curb. (*Grulich* v. *Paine*, 231 N. Y. 311; *People* v. *Harden*, 205 App. Div. 717; *Brown* v. *Thyne*, 242 N. Y. 126; *Boronkay* v. *Robinson & Carpenter*, 247 N. Y. 365; *Cohen* v. *Goodman Sons, Inc.*, 189 App. Div. 209.)

CROUCH, J. The main drive of Ocean parkway, running south from Brooklyn to Coney Island, is sixty feet wide with a white dividing line in the center. A taxicab, with plaintiff's intestate as a passenger, was driving south. The defendant Peirson was driving north. Both cars were near the white line. To avoid running into a car ahead which suddenly stopped, the taxicab pulled

to the left across the white line and collided with the Peirson car. Plaintiff sued and had judgment against both the taxicab company and Peirson.

A traffic regulation of the Police Department of New York city, in force at the time of the accident, provided as follows: " 11-a. A moving vehicle shall keep as near as practicable to the right hand curb so that faster moving traffic may pass on the left."

At the request of plaintiff the trial court read that regulation and told the jury in substance that its violation by either of the drivers would be evidence of negligence which could be taken into consideration with all the other evidence as bearing on the issue of negligence, " provided you also find that there was a causal connection between the violation of the regulation and Callahan's injury."

Under an exception to that charge the judgment against Peirson was reversed. On the authority of *Cohen* v. *Goodman & Sons, Inc.* (189 App. Div. 209) that regulation was held as matter of law to have no application to the situation. Since the decision in the cited case went solely to the issue of causation, we may perhaps assume that the decision here related to that issue, and that no fault was found with the charge so far as it dealt with the issue of negligence. In any event, we think there was no error in the charge as made with respect to either issue. While the stated purpose of the regulation is to control traffic on the right-hand side of the road, its fundamental purpose is safety and security to everybody lawfully on the highway. Under it the duty to keep to the right was owing not alone to faster moving traffic on the same side, but also to any traffic where, under the circumstances of a particular case, danger might reasonably be anticipated from a violation. The primary purpose of a safety regulation does not necessarily limit its scope, when the issue is one of negligence. (*Kelley* v. *New York State Railways*, 207 N. Y. 342; *Hayes* v. *Michigan Central*

*R. R. Co.*, 111 U. S. 228; *Union Pacific Ry. Co.* v. *McDonald*, 152 U. S. 262.) The circumstances disclosed by the evidence in this case warranted both the charge and the finding on the issue of negligence.

The issue of causation under the charge involved merely the question of whether the defendant Peirson's violation of the regulation was a factor in the result. Under the evidence, that question was for the jury. In *Cohen* v. *Goodman & Sons, Inc. (supra)* the same question under a similar regulation arose. It was entirely clear upon the facts there that the antecedent violation of the ordinance had nothing to do with the accident. Plaintiff attempted to cross a street in front of an oncoming truck in plain view. Under such circumstances whether the truck was near the curb where the ordinance required it to be, or was in the middle of the street, was immaterial.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., CRANE, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., dissents; KELLOGG, J., not sitting.

Ordered accordingly.