WILLIAM M. CONDON, Appellant, *v.* ASSOCIATED HOSPITAL SERVICE OF NEW YORK et al., Respondents.

412

Argued January 7, 1942; decided March 5, 1942.

*Walter E. Warner* and *John O. Driscoll* for appellant. The state courts have jurisdiction. The mere fact that a copyright is incidentally or collaterally related to the controversy ·does not oust the state courts of jurisdiction. (*Wise* v. *Tube Bending Machine Co.*, 194 N. Y. 272; *Couch Patents Co.* v. *Berman*, 137 App. Div. 297; *Outcault* v. *Lamar*, 135 App. Div. 110; *Roberts* v. *Petrova*, 126 Misc. Rep. 86; 219 App. Div. 772; 245 N. Y. 572; *Continental Store Service Co.* v. *Clark*, 100 N. Y. 365; *Underhill* v. *Schenck*, 238 N. Y. 7; *Zenie* v. *Miskend*, 245 App. Div. 634; 270 N. Y. 636; *Nilsson* v. *DeHaven*, 47 App. Div. 537; *Mengis* v. *Fitzgerald*, 108 App. Div. 24.) The federal courts have no jurisdiction to enforce or recover moneys due under a contract relating to the use of a copyright. (*Outcault* v. *Lamar*, 135 App. Div. 110; *Wade* v. *Lawder*, 165 U. S. 624; *Geneva Furniture Mfg. Co.* v. *Karpen & Bros.*, 238 U. S. 254; *Pearl* v. *Seventh Ave. Film Co.*, 262 N. Y. 605;. *Briggs* v. *United Shoe Machinery Co.*, 239 U. S. 48; *Felix* v. *Scharnweber*, 125 U. S. 54.) The action is not predicated upon the piracy of a copyright. ( *Underhill* v. *Schenck*, 238 N. Y. 7; 13 Corpus Juris, § 382; *Baker* v. *Selden*, 101 U. S. 99; *Bobbs, Merrill Co.* v. *Straus*, 210 U. S. 339.)

*William C. Breed, Jr., Charles A. Howard, Jr.,* and *Kendall B. DeBevoise* for respondents. Neither of the causes of action alleged is to enforce a contract. Rather do they seek to enforce common law remedies. (*De Mille Co. v. Casey,* 115 Misc. Rep. 646; *Manigault v. Ward & Co.,* 123 Fed. Rep. 707; *Crosby v. Wood,* 6 N. Y. 369; *Tolhurst v. Powers,* 133 N. Y. 460.) The courts below correctly dismissed the action both as to the individual defendants and the corporate defendant on the ground that the New York Supreme Court has no jurisdiction of the subject matter thereof. (*Cohan v. Robbins Music Corp.,* 244 App. Div. 697; *O' Neill v. General Film Co.,* 171 App. Div. 854; *Jewelers' Mercantile Agency v. Jewelers' Pub. Co.,* 155 N. Y. 241; *Palmer v. DeWitt,* 47 N. Y. 532; *Bobbs-Merrill Co. v. Straus,* 147 Fed. Rep. 15; 210 U. S. 339; *DeWitt v. Elmira Nobles Mfg. Co.,* 66 N. Y. 459.)

DESMOND, J. Defendants, after serving their answer, moved for and were granted judgment on the pleadings dismissing the complaint as to both its causes of action. Special Term, in its brief opinion, cited *Cohan v. Robbins Music Corp.* (244 App. Div. 697) and *O' Neill v. General Film Co.* (171 App. Div. 854) as precedents for the dismissal. The Appellate Division, affirming the judgment, described the action as one " to recover for the adoption and use of a copyrighted plan " and upheld the dismissal " on the ground that the court lacks jurisdiction of the subject-matter of the action." (261 App. Div. 1096.) Plaintiff, appealing here, says that he is not suing because of any unauthorized use or piracy of his plan, but for the breach of an express contract to pay for its use. If defendants and the courts below are right in their reading of the complaint, the state courts have no jurisdiction of the case (*Cohan v. Robbins Music Corp., supra*); if, however, we can accept plaintiff's version of the meaning and import of his allegations, then the suit is well within the bounds of the jurisdiction of our state courts, even though the contract pleaded has to do with the use of a written plan copyrighted under the federal statutes. " The author who suffers

infringement of his copyright at the hands of a licensee, may count upon the infringement as a tort, and seek redress 'under the statute by action in the federal courts. But that is not in all circumstances the only remedy available. If the same act is not merely an invasion of the statutory right of property, but is also the breach of a contract or the abuse of a relation, he may count upon the breach or the abuse, and have relief accordingly." (*Underhill* v. *Schenck*, 238 N. Y. 7, 14. See, also, *Danks* v. *Gordon*, 272 Fed. Rep. 821; *Wise* v. *Tube Bending Machine Co.*, 194 N. Y. 272, 278, and *Continemtal Store Service Co.* v. *Clark*, 100 N. Y. 365.)

We must then examine the complaint to see whether it sufficiently pleads any causes of action at all, and, if it does, whether the causes so pleaded are for copyright infringement or for breach of contract. Settled rules of construction are to be applied. " If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied." (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430, 432.) The whole of the pleading must be considered. (*Calvo* v. *Davies*, 73 N. Y. 211, 218.) However imperfectly, informally or even illogically the facts may be stated, a complaint, attacked for insufficiency, is deemed to allege " whatever can be implied from its statements by fair and reasonable intendment." (*Kain* v. *Larkin*, 141 N. Y. 144, 151.) The question for us is whether the requisite allegations of any valid cause of action cognizable by the state courts " can be fairly gathered from all the averments." (*Moss* v. *Cohen*, 158 N. Y. 240, 247; *Zabriskie* v. *Smith*, 13 N. Y. 322, 330.) Usually recourse is had to these rules because there is doubt as to whether the pleading states any cause of action at all. But, obeying the command of section 275 of the Civil Practice Act, that pleadings be " liberally construed with a view to substantial justice," we should use the same rules to give this complaint, if possible, such a construction as will bring its demands within the scope of the state court's jurisdiction. (See *Newman* v. *Robins Dry Dock & Repair Co.*, 201 App. Div. 861.) Particularly is this true as to actions in the Supreme

Court which, as a court of general jurisdiction, is presumed to have jurisdiction of a cause unless the contrary plainly appears. (*Gilbert* v. *York*, 111 N. Y. 544, 548.)

Summarized as briefly as possible, the first cause of action says these things as to the individual defendants only: that plaintiff conceived a plan for furnishing hospital care to the public on an annual subscription basis; that he obtained a copyright thereon; that he delivered a copy of this plan and supporting statistics to the individual defendants at their request; that they promised plaintiff that, if they adopted the plan, they would pay him for its use at a rate unspecified, and that if they did not adopt it they would make no use of it, directly or indirectly, but would return to him all the papers and data. Plaintiff swears that, relying on these promises, he delivered the papers to the individual defendants who familiarized themselves with the plan but failed to adopt it. The chief difficulty with this cause of action is that, at this point, plaintiff goes on to allege that the individual defendants " adopted the substance " of his plan, without his " knowledge, authority or consent." It is this allegation to which defendants point, principally, as bearing out their charge that this cause of action involves nothing more than an accusation of unauthorized use. But plaintiff pleads also in this cause of action, that " the conduct of said defendants constituted a breach of the agreement between plaintiff and the defendants." Of course, defendants on this motion are entitled to have all the allegations considered and if there are mutually contradictory allegations, or if plaintiff, after pleading the existence of a requisite fact, goes on to plead its non-existence, then his complaint is insufficient. (See *Calvo* v. *Davies*, *supra*, and *Graham* v. *Buffalo General Laundries Corp.*, 261 N. Y. 165, 168.) Our view is, however, that the two allegations as to failure to adopt and as to unauthorized adoption of the substance of the plan, are not irreconcilable. They can be read to mean that the individual defendants, while they gave plaintiff no notice of adoption and did not use the plan in its exact form or completely, used the substance of the

plan without paying plaintiff anything, all in violation of their contract with him. Such a claim, even if not set out in so many words, can be implied "by fair and reasonable intendment." (*Kain* v. *Larkin, supra.* See *Brown* v. *Tregoe*, 236 N. Y. 497, 499.) So read, the first cause of action sufficiently sets forth a breach of an express contract, and plaintiff is entitled to produce in proof thereof such evidence as he may have. (*Coatsworth* v. *Lehigh Valley Ry. Co.*, 156 N. Y. 451, 457.)

The second cause of action in the complaint may be dealt with summarily. It runs against the corporate defendant alone, alleging that this membership corporation was organized by the individual defendants "to place plaintiff's said plan in operation," and that it did adopt and use that plan, or its substance. But it appears from plaintiff's own allegations that this corporation was not organized until many years after plaintiff swears he disclosed his plan to the individual defendants, and that at no time did this corporation have any contractual relations with plaintiff. Thus plaintiff's charge against the corporate defendant is one of unauthorized use and this kind of suit the state courts cannot entertain. Plaintiff's prayer for judgment against this corporate defendant, wherein he asks for an accounting and for the impressing of a trust on its earnings, etc., makes it plain that in this part of his complaint he is urging no more than an infringement action, not cognizable by the state courts.

The judgments in so far as they dismiss the first cause of action should be reversed as to the individual defendants and the motion to dismiss that cause of action denied as to the individual defendants; otherwise judgments affirmed, without costs.

FINCH and CONWAY, JJ., concur; LEHMAN, Ch. J., LOUGHRAN and LEWIS, JJ., dissent as to the reversal of the dismissal of the first cause of action, and RIPPEY, J., dissents as to the affirmance of the judgments dismissing the second cause of action.

Judgment accordingly.