HEBREW PUBLISHING COMPANY, Respondent, *v.* ASHER SCHARF-STEIN, Appellant.

Argued June 10, 1942; decided July 29, 1942.

*Arthur Garfield Hays, Oscar Stabiner* and *Henry L. Burkitt* for appellant. Unfair competition cannot be predicated solely on copying of uncopyrighted books. (*White Studio* v. *Dreyfoos,* 221 N. Y. 46; *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict,* 198 U. S. 118; *Germanow* v. *Standard Unbreakable W. C. Co.,* 283 N. Y. 1; *Dixie Vortex Co.* v. *Lily-Tulip Corp.,* 19 Fed. Supp. 511; *Butterfield & Co.* v. *Abraham & Straus, Inc.,* 212 App. Div. 384; *Sinko* v. *Snow-Craggs Corp.,* 105 Fed. Rep. [2d] 450; *Crescent Tool Co.* v. *Kilborn & Bishop Co.,* 247 Fed. Rep. 299; *Neva-Wet Corp.*

v. *Never Wet Processing Corp.*, 277 N. Y. 163; *Lewis* v. *Vendome Bags, Inc.*, 108 Fed. Rep. [2d] 16.) Uncopyrighted books may be freely copied by any method, assuming there is no breach of trust, fraud or imposture. (*Palmer* v. *De Witt*, 47 N. Y. 532; *Caliga* v. *Inter Ocean Newspaper Co.*, 215 U. S. 182; *International News Service* v. *Associated Press*, 248 U. S. 215; *Bamforth* v. *Douglass Post Card & Machine Co.*, 158 Fed. Rep. 355; *Cheney Bros.* v. *Doris Silk Corp.*, 35 Fed. Rep. [2d] 279; *Tabor* v. *Hoffman*, 118 N. Y. 30; *Kaylon, Inc.*, v. *Collegiate Mfg. Co.*, 255 App. Div. 209; *Kellogg Co.* v. *National Biscuit Co.*, 305 U. S. 111; *Keystone Type Foundry* v. *Portland Pub. Co.*, 186 Fed. Rep. 690.)

*Philip Wittenberg* for respondent. The appropriation by the defendant of the plaintiff's books by the sale of photographic reproductions thereof constitutes unfair competition. (*Fisher* v. *Star Co.*, 231 N. Y. 414; *Union Car Advertising Co.* v. *Collier*, 232 App. Div. 591; *Burrow* v. *Marceau*, 124 App. Div. 665; *Schechter Poultry Corp.* v. *United States*, 295 U. S. 495; *Chicago Bd. of Trade* v. *Christie Grain & Stock Co.*, 198 U. S. 236; *Germanow* v. *Standard Unbreakable W. Crystals, Inc.*, 283 N. Y. 1; *National Telephone Directory Co.* v. *Dawson Mfg. Co.*, 215 Mo. App. 683; *Dutton & Co.* v. *Cupples*, 117 App. Div. 172; *Fonotipia* v. *Bradley*, 171 Fed. Rep. 951.) The defendant had actual knowledge of the plaintiff's books. He was chargeable legally with notice that the photographic offset plates could not be lawfully used by him. (*Williamson* v. *Brown*, 15 N. Y. 354; *Baker* v. *Bliss*, 39 N. Y. 70; *Fidelity & Deposit Co.* v. *Queens County Trust Co.*, 226 N. Y. 225; *Rogers* v. *Adams*, 119 Misc. Rep. 77; *Nettles* v. *Childs*, 100 Fed. Rep. [2d] 952; *First Nat. Bank* v. *Pittsburgh F. W. & C. Ry. Co.*, 31 Fed. Supp. 381.)

LOUGHRAN, J. The action is one for an injunction against claimed unfair competition.

For a number of years, the plaintiff has published two religious tracts — " The Five Books of Moses " and a " Daily Prayer Book." Each consists of a traditional Hebrew text accompanied by an English translation. The contents have long been familiar to the defendant who handled both volumes in his book-selling business. He has now reproduced them by means of so-called offset plates

made from photographs of the pages thereof. Sales by him of such typographically identical copies is the competition complained of.

The court at Special Term granted an injunction restraining the defendant from copying by photographic methods books published by the plaintiff or selling such copies. The Appellate Division affirmed by a divided vote. The case has now come here on a further appeal by the defendant.

No claim is made of any copyright or other exclusive privilege to publish the texts in question. There is no finding of any passing off of the defendant's books as the books of the plaintiff. There is no finding of any fraud, breach of trust or imposture of the defendant. There is no finding of any actual interference by the defendant with the business or good will of the plaintiff.

Nor is there a showing that any result of ingenuity or artistic competence of the plaintiff or its predecessors has been appropriated by the defendant. Plaintiff's " The Five Books of Moses " is itself a photographic reproduction of a Hebrew text " which was originally set by missionaries either in Russia or in Eastern Europe many, many years ago." One of the predecessors of the plaintiff got hold in Europe of the matrices that were the source of the Hebrew type from which its " Daily Prayer Book " is printed. The English translations were copied by the plaintiff from similar works of an olden time and were set on a linotype machine.

The injunction rests on the following findings: " That the plaintiff did a continuous business in selling these books and sold about 4,000 copies a year of the Daily Prayer Book and The Five Books of Moses. That the defendant, by means of such method of reproduction was enabled to manufacture books at a lower cost to the defendant than the price which the defendant would be required to pay for the manufacture of such books by the use of plaintiff's plates and the defendant was thereby enabled to sell such books at a much lower price."

On that basis the whole case for the plaintiff is the fact that the cost to the defendant of his offset plates was less than the expense of making an identical type surface all over again. We think such a saving to the defendant did not without more entitle the plaintiff to this judgment for a permanent injunction as in a case

of unfair competition. (Cf. *Dutton & Co.* v. *Cupples*, 117 App. Div. 172.)

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.