**LEO FEIST, Inc., et al., v. SONG PARODIES, Inc., et al.**

**ROBBINS MUSIC CORPORATION v. SAME.**

**Nos. 186, 187.**

Circuit Court of Appeals, Second Circuit.

Dec. 29, 1944.

Murphy, Block, Sullivan & Sawyer, of New York City (Herman Block and Joseph Sawyer, both of New York City, of counsel), for appellant.

Julian T. Abeles and Leopold Bleich, both of New York City, for appellees.

Before CHASE, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

 These are actions in which jurisdiction is based solely on the federal copyright statute, for there is lack of diversity of citizenship. The District Court held that defendants had flagrantly infringed the plaintiffs' copyrights of certain

songs. The evidence fully supports that court's findings of fact which in turn justify its legal conclusions, unless there is merit to defendants' contention that an earlier suit brought by plaintiffs against defendants in the New York Supreme Court, for unfair competition in connection with the sale of the very songs involved in the actions here, which terminated in a judgment dismissing the complaint on the merits, is now res judicata.[1] We think not. The opinion in the State court suit makes it clear that the plaintiffs there limited their action to one for unfair competition in the use of the titles to plaintiffs' songs; accordingly [under the doctrine of Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83, approved in Reeves v. Beardall, 316 U.S. 283, 285, 62 S.Ct. 1085, 86 L.Ed. 1478], the claim there and that here are "entirely distinct." It is perhaps arguable that the adjudicative effect of the judgment is to be measured by the scope of the plaintiffs' pleadings and not by the manner in which they limited their claim subsequently in argument to the State court, and that the pleadings in the State court suit were not restricted to a claim for unfair competition in the use merely of the titles to plaintiffs' songs. But we need not consider that question: Since an action for infringement of copyrights could not have been maintained in the State court, the judgment in the unfair competition suit is not, in and of itself, a bar to the copyright suit; even if the facts were such that the plaintiffs could originally have joined in a federal court suit a nonfederal claim for unfair competition with a federal claim under the copyright statute,[2] the plaintiffs cannot be said to have elected to abandon the latter claim merely by bringing the State court suit.

Of course, if, in the earlier action, the court had made a finding, adverse to plaintiffs, of a fact essential to support a judgment in the copyright action, such a finding would bar the latter action.[3] But the State court made no such finding; it rested its decision on the finding that purchasers would not be misled, a fact unimportant in the copyright action; it did not make any finding on the facts essential to plaintiffs' success in the actions here.

Affirmed.

CLARK, Circuit Judge.

I concur in the result.

---

[1] The State court, in its opinion, said: "Plaintiffs own, publish, advertise and sell numerous copyrighted popular songs. Defendants have published, sold and distributed magazines containing parodies in which they use the titles of some of plaintiffs' songs, but different words and no music. Presumably, such different words are supposed to be at least capable of being sung to the tunes of plaintiffs' songs, but no proof of that fact has been made. Expressly disclaiming any intention of claiming an infringement of their copyrights, and thus entitled to redress in the federal courts only (Condon v. Associated Hospital Service, 287 N.Y. 411, 416, 40 N.E.2d 230, Cohan v. Robbins Music Corp'n, 244 App.Div. 697, 280 N.Y.S. 571), plaintiffs claim that defendants' use of their titles constitutes unfair competition. It is plain to me, however, that no one desiring plaintiffs' songs would be misled into thinking that in purchasing defendants' magazines that they are purchasing plaintiffs' songs, and I consequently am constrained by Gotham Music Service v. D. & H. Music Pub. Co., 259 N.Y. 86, 89, 181 N.E. 57, to dismiss the complaint, but without costs (see also Hebrew Pub. Co. v. Scharfstein, 288 N.Y. 374, 43 N.E.2d 449)."

[2] For the appropriate test of permissible joinder, see Zalkind v. Scheinman, 2 Cir., 139 F.2d 895, certiorari denied 322 U.S. 738, 64 S.Ct. 1055, discussing our numerous decisions construing Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

[3] That would usually be true even if such a finding was necessarily implied in the decision in the earlier suit. As to limitations of this doctrine, see Evergreens v. Nunan, 2 Cir., 141 F.2d 927.