Matthew J. Jaseh, J.
This is a motion to dismiss the complaint against the defendant American Insurance Company. The complaint alleges that the plaintiff is the tenant and that the defendant Merlau is the owner and lessor of a multiple dwelling, as such is defined in the Multiple Dwelling Law. It is alleged that the infant plaintiff was injured because of a defective door of the multiple dwelling, which defect the defendant had knowledge of, or should have had knowledge of if reasonable inspection had been made. The complaint further alleges that the defendant Merlau entered into a contract with the defendant American Insurance Company whereby for a consideration paid by Merlau, the American Insurance Company agreed to make periodic inspections of the premises and to report any defects found to the defendant Merlau so that she could then make necessary repairs. It is then alleged that the defendant Merlau, relying upon the inspections to be made by the American Insurance Company, did not make any personal inspections and that the injury to the infant plaintiff resulted. The complaint alleges that the defendant American Insurance Company either did not make such inspections or made them in a negligent manner, and that such negligent inspections caused the injuries.
In moving to dismiss the complaint against it, the American Insurance Company claims that no privity of contract exists between the plaintiff and itself and that the plaintiff therefore cannot sue it for the breach of its contract with the defendant Merlau.
While it is true that the plaintiff may not recover against the defendant insurance company on the theory of a breach of the contract between the insurance company and the owner of the property, a different rule applies once the insurance company enters upon its contractual obligations with the owner. (Rosenbaum v. Branster Realty Corp., 276 App. Div. 167.) The insurance company is then under an obligation to the plain *65 tiff to perform its duties in a reasonably careful and skillful manner. If the insurance company failed to make its inspections in a reasonably careful and skillful manner, it may be t answerable to the plaintiff in damages resulting to him from such a breach of duty. (Beinhocker v. Barnes Development Corp., 296 N. Y. 925; McCleery v. Sears Roebuck & Co., 98 N. Y. S. 2d 283; Sid v. Stokes Associates, 145 N. Y. S. 2d 368 ; Wisner v. Harmas Holding Corp., 1 A D 2d 957.) “ [Pjersons employed to inspect machinery and report upon defects in order that it may not cause harm to others, have duties to those likely to be injured by it, not only to be careful in the inspection which is made but to make an inspection.” (Restatement, Agency, § 354, Comment a.) It makes little difference that the negligence complained of in this instance relates only to the inspections to be made by the third party, while in the cited cases the negligence complained of was making repairs in a careless manner. Improper inspections may be the proximate cause of injuries just as well as improper repairs.
The proof in support of the plaintiff’s claim may alter the relationship and resulting liability between the parties but this motion tests only the sufficiency of the complaint for the purpose of the motion, the facts alleged in the complaint are deemed admitted by the defendant and the complaint must be given the benefit of the most favorable inferences which may be drawn from the facts pleaded. (Condon v. Associated Hosp. Service, 287 N. Y. 411; Nash v. Mennan, 275 App. Div. 952.)
The motion to dismiss is denied.