Joseph A. Strozzi, J.
Motion for summary judgment in an action to recover on an automobile liability insurance policy, issued to the plaintiff, Henry Kessler, which provided additional coverage for collision, medical payments and towing charges.
The action arises from an accident which occurred in Cocoa, Florida on Route 5. The latter is a north-southbound highway permitting one lane of traffic in each direction. The Kessler vehicle was proceeding in the southbound lane when it was struck in the front by a car traveling in the opposite direction which cut across the center line into the southbound lane. The other car was owned and operated by one Marie Dyson, whose vehicle was allegedly uninsured.
The complaint seeks to recover damages for personal injuries on behalf of the Kessler children who were passengers in their father’s car. The action by the insured owner is to recover property damage, medical expenses and towing charges pursuant to the coverage afforded for these items by the policy.
The answer consists of a general denial and interposes a defense that the issue of liability must be determined by arbitration in accordance with the policy provisions. The contract of insurance obligates the company to pay all sums which the *826 insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury. It further states that determination as to whether the insured is legally entitled to recover such damages shall be made by agreement, or, if the parties fail to agree, by arbitration.
The infant plaintiffs are insureds under the policy issued to • their father, and despite the policy provisions, the infants cannot be compelled to submit to arbitration (Civ. Prac. Act, § 1448). The defense interposed by the answer is not available to the defendant in the action brought in their behalf and must be stricken (Chernick v. Hartford Acc. & Ind. Co., 8 A D 2d 264, affd. 8 N Y 2d 756).
The defendant attempts to defeat this motion on the ground that the company is entirely without knowledge of the facts that an accident occurred or that the Dyson vehicle was uninsured. This is a situation common in cases involving claims against uninsured motorists. The rule is that summary judgment is unavailable where the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent (cf. De France v. Oestrike, 8 A D 2d 735; Newman v. Newark Fire Ins. Co., 281 App. Div. 852). That rule does not obtain in the situation here present. The defendant possessed the means of investigating the alleged claim. The company’s refusal or failure to act cannot operate to its advantage, and its policy obligations cannot be so conveniently circumvented. This defense, moreover, is not based on one shred of evidentiary facts, but is founded wholly on conjecture or surmise, and is insufficient (Shapiro v. Health Ins. Plan of Greater N. Y., 7 N Y 2d 56, 62). The defendant submits no evidence whatever to contradict the documentary proof offered by the plaintiffs to establish both facts. These papers include: (1) the police accident report; (2) the affidavit of the State trooper with respect to the summons issued to Mrs. Dyson; (3) the letter from the County Judge of Tallahassee verifying a forfeiture of bail because of Mrs. Dyson’s nonappearance at trial; (4) letters from Mrs. Dyson herself admitting the occurrence; (5) letter from the defendant company disclosing an attempt to settle the property damage claim; (6) the affidavit of Mrs. Dyson that her automobile was uninsured; (7) the letter from the Florida State Department of Financial Responsibility verifying no record of insurance on the Dyson car; and (8) the letter from the Southeastern Automobile Association stating its policy issued to Mrs. Dyson covered automobile membership club benefits and not liability insurance.
*827 This evidence sufficiently establishes the happening of the occurrence. This is all that the plaintiff owner need show with respect to his claim for property damage, medical payments and towing charges. Under the policy, the company is obligated for these payments without regard to the issue of legal liability. Hence the arbitration clause is not applicable to claims made by an insured for the coverage thus afforded. Since the only question raised relates to the extent of the company’s obligation, summary judgment on this cause in favor of Henry Kessler must be granted.
The evidence presented also satisfies the court that the Dyson car was uninsured. Accordingly, the defendant’s opposition to this motion on behalf of the infant plaintiffs is tenable only if there is a real issue to be tried.
The description of the accident as narrated in the accident report is as follows: “ Veh. No. 1 (Kessler) traveling south on State Road 5. Yeh. No. 2 (Dyson) traveling north on State Road 5 attempted to stop in line of traffic. Being unable to stop pulled into south bound lane to avoid striking vehicle in front and was struck on the right front by on-coming Yeh. No. 1 (Kessler). Yeh. No. 1 skidded 70 feet to point of impact * * * There were no skid marks made by Yeh. No. 2 (Dyson).”
The circumstance that a vehicle is on the wrong side of the road is sufficient to raise a presumption of negligence (Clarke v. Wo op, 159 App. Div. 437). The prima facie proof arising therefrom is not rebutted by other evidence. But while the defendant offers no exculpatory proof, the failure to explain does not necessarily indicate negligence (Salomone v. Yellow Taxi Corp., 242 N. Y. 251, 259). The use of the wrong side of the road may be justified by circumstances (cf. Clarke v. Woop, supra, p. 439). Here the accident report itself indicates the Dyson car pulled into the opposing lane to avoid striking the vehicle in front. Standing alone, this circumstance is equally consonant with a finding of care as it is of negligence. The court, on this record, cannot, as a matter of law, make one finding to the exclusion of the other in the absence of proof that the conclusion of negligence is inescapable (cf. Gerard v. Inglese, 11 A D 2d 381, 383).
The court has not overlooked the fact that Mrs. Dyson was charged with violating a Florida ordinance for driving on the wrong side of the road, and that she defaulted in answering this charge. The violation of the ordinance is itself evidence of negligence (Healy v. Rennert, 9 N Y 2d 202) and the default in appearance is tantamount to a plea of guilty which may be admissible as an admission against interest (Ando v. Woodberry, *828 8 N Y 2d 165). Both circumstances, however, present factors for consideration by the trier of the facts (see Ando v. Woodberry, supra; Callahan v. Terminal Cab Corp., 259 N. Y. 112). The motion in behalf of the infant plaintiffs is therefore denied, and the action is severed as to these plaintiffs and continued. The motion is granted as to the plaintiff, Henry M. Kessler.