■  UNDERWRITERS AT LLOYD'S, LONDON, Respondent, v. RICHARDS FREIGHT LINES, INC., et al., Defendants, and JERSEY INSURANCE COMPANY OF NEW YORK, Appellant.

MEMORANDUM BY THE COURT.  Order entered on August 4, 1961, which denied defendant-appellant's motion to dismiss the complaint as against it for failure to state a cause of action, reversed, on the law, with $20 costs and disbursements to the appellant, and complaint dismissed as to defendant-appellant without prejudice.  The complaint may be summarized as follows. Plaintiff issued a policy of insurance to defendant Richards Freight Lines, Inc. (Richards) covering trailers owned by Richards against risk of collision.  One of the trailers collided with a vehicle owned by Witkowski, who was insured against liability for property damage by defendant-appellant and who is not a party to the action.  Pursuant to plaintiff's policy it paid $4,433.25 to Richards and defendant Gindy Manufacturing Company (Gindy), which had an interest in the damaged trailer as mortgagee or conditional vendor.  Thereafter Richards and Gindy presented a claim to defendant-appellant.  The latter, though " duly apprised of the interest of the plaintiff", settled the claim by paying $3,270.52 to Richards and Gindy.  That sum plaintiff seeks to recover from defendant-appellant.  Under the allegations of this complaint, whatever rights plaintiff acquired against Witkowski by subrogation are the maximum measure of its rights against his insurer.  Had Witkowski, with, knowledge of plaintiff's rights, paid Richards and Gindy for a release, he would still remain answerable to plaintiff in an appropriate negligence action. The complaint contains no allegation of negligence.  If in some manner the

settlement frustrated or would frustrate plaintiff's prosecution of such an action, that, too, is not alleged.

STEUER, J. (dissenting). The complaint which is the subject of this motion alleges the following. Plaintiff is a membership association engaged in writing insurance. It wrote a policy insuring the trucks of Richards Freight Lines. There was a collision between one of these trucks and a vehicle owned and operated by one Witkowski, in which the Richards' truck was damaged to the extent of $5,433.25, which damage plaintiff paid to the extent of $4,433.25 in accord with the policy, and thereupon became subrogated to Richards' rights. A claim on behalf of Richards was made to defendant Jersey Insurance Co., which had insured Witkowski for liability. This company employed an adjuster who settled the claim with Richards for $3,270.50. Prior to the settlement, both defendant Jersey and its adjuster were advised of plaintiff's rights, and the adjuster sought and obtained plaintiff's consent to the amount of the settlement. Thereafter defendant Jersey paid Richards the amount of the settlement instead of paying plaintiff.

It is claimed that this complaint is defective because it does not allege that the collision was due to Witkowski's negligence, the argument being that unless it is established that Witkowski was responsible for the accident Richards had no rights and, consequently, plaintiff had none. This is not correct. It really is immaterial whether Witkowski was negligent. The question is whether defendant was making a settlement of a claim that Witkowski was negligent, regardless of whether or not the claim had a sound basis in fact. Whether Richards was paid on a good claim or a bad one makes no difference. In any event, plaintiff would be entitled to the payment.

It is true that the complaint does not in so many words allege that the payment made by Jersey to Richards was in payment of the claim asserted in connection with the collision. But the test of validity is "whatever can be implied from its statements by fair and reasonable intendment." (*Condon* v. *Associated Hosp. Serv.*, 287 N. Y. 411, 414.) It seems farfetched to require, in addition to the allegations that Richards made a claim, that the claim was adjusted in a certain sum, that the same sum was paid to Richards, that the payment was in response to the claim. One would imagine that this was the fair intendment of the facts.

The order should be affirmed.

Botein, P. J., McNally and Stevens, JJ., concur in decision; Steuer, J., dissents in opinion in which Rabin, J., concurs.

Order entered on August 4, 1961, which denied defendant-appellant's motion to dismiss the complaint as against it for failure to state a cause of action, reversed, on the law, with $20 costs and disbursements to the appellant, and the complaint dismissed as to defendant-appellant, without prejudice.