Irving **BERLIN** et al., Plaintiffs,

v.

**E. C. PUBLICATIONS, INC.**, et al.,
Defendants.

United States District Court
S. D. New York.
June 27, 1963.

Julian T. Abeles, New York City, for plaintiffs; Julian T. Abeles and John S. Clark, New York City, of counsel.

Scheiman, Albert & MacLean, New York City, for defendants; Martin J. Scheiman and Jack N. Albert, New York City, of counsel.

METZNER, District Judge.

This is an action for copyright infringement in which the plaintiffs have moved for summary judgment and the defendants have cross-moved for the same relief, pursuant to Fed.R.Civ.P. 56. Twenty-five separate claims are set forth in the complaint.

Plaintiffs are the owners of copyrights to numerous popular songs. Defendants are the publishers and its employees of a satirical humor magazine called "Mad". In one of the issues of the magazine there appeared as a "special bonus", "a collection of parody lyrics to 57 old standards [songs] which reflect the idiotic world we live in today." This collection was entitled "Sing Along with Mad", and contained fifty-seven lyrics, divided into categories such as business, sports, education, doctors and medicine, etc. After the title of each lyric, there appeared a statement indicating the aspect of modern life that the lyric was intended to satirize. Next there appeared either the words "Sung to the tune of: _____" or "To the tune of: _____", and inserted was the title of one of the old standard songs. Plaintiffs are the owners of copyrights to twenty-five of the fifty-seven songs. However, no music was provided in the songbook. It has been stipulated that the "Mad" lyrics have the same meter as plaintiffs' lyrics, and can be sung to the music of plaintiffs' songs. The subject matter of defendants' lyrics, however, is completely different from that of plaintiffs'. For example, to the tune of "I've Got You Under My Skin", defendants have written a lyric about fraternity hazing entitled "I Swat You Hard on the Skin." To the tune of "A Pretty Girl Is Like a Melody", the defendants have written "Louella Schwartz Describes Her Malady". To "The Last Time I Saw Paris", defendants write of the rewards earned by a baseball player who sponsors razor blades and beer in "The Last Time I Saw Maris".

It has been further stipulated that plaintiffs "are the proprietors of, or are possessed of all rights under," valid and subsisting copyrights in the songs which are the subject matter of the action, and that plaintiffs never gave any authorization, permission, consent or license to any of the defendants for the making, publishing or distribution of the lyrics in the "Mad" songbook.

Plaintiffs contend that defendants' lyrics are "a counterpart" of the lyrics of plaintiffs' musical compositions. Infringement occurs when the accused work is a colorable copy or paraphrase of the copyrighted work. The copying must be visible by the ordinary observer, and must be of a substantial portion of the protected work. Wihtol v. Wells, 231 F. 2d 550 (7th Cir. 1956); Ansehl v. Puritan Pharmaceutical Co., 61 F.2d 131 (8th Cir.), cert. denied, 287 U.S. 666, 53 S.Ct. 224, 77 L.Ed. 374 (1932); Peter Pan Fabrics, Inc. v. Acadia Co., 173 F.Supp. 292, 301 (S.D.N.Y.1959), aff'd, 274 F.2d 487 (2d Cir. 1960). In Harold Lloyd Corp. v. Witwer, 65 F.2d 1 (9th Cir.), appeal dismissed per stipulation, 296 U.S. 669, 54 S.Ct. 94, 78 L.Ed. 1507 (1933), the court quoted from Justice Story that the true test of piracy is

whether defendant used plaintiff's plan as a model, with colorable alterations, or whether defendant's item is a product of his own labor, that is, whether defendant's book is "a servile or evasive imitation of the plaintiff's work, or a bona fide original compilation from other common or independent sources." 65 F.2d at 17.

It is obvious that defendants' lyrics have little in common with plaintiffs' but meter and a few words, except in two instances which will be discussed below. Defendants have created original, ingenious lyrics on subjects completely dissimilar from those of plaintiffs' songs.[1]

■■ Much has been made by both plaintiffs and defendants of the parody cases. It is clear that a parody of a copyrighted work is an infringement of the copyright. Benny v. Loew's Inc., 239 F.2d 532 (9th Cir. 1956), aff'd, 356 U.S.

[1] Two examples are the following—the lyrics on the left hand side being the original lyrics, the lyrics on the right hand side being the defendants' parodies:

The last time I saw Paris
Her heart was warm and gay,
I heard the laughter
  of her heart
in ev'ry street cafe.

The first time I saw Maris
He'd signed up with the A's!
He slugged the ball but
  never found
How big league baseball pays!

The last time I saw Paris,
Her trees were dressed for spring,
And lovers walked beneath
  those trees,
and birds found songs to sing.

The next time I saw Maris
A Yankee he'd become!
And now endorsements earn
  for him
A most substantial sum!

I dodged the same old taxicabs
that I had dodged for years;
The chorus of their squeaky horns
was music to my ears.

He signed a contract with Gillette
To plug their razor blades!
And when he found he cut himself,
He went and plugged Band-Aids!

The last time I saw Paris
Her heart was warm and gay.
No matter how they change her
I'll remember her that way.

The last time I saw Maris
He plugged six brands of beer!
The Democrats should pay him
To plug the New Frontier!

Blue Skies
smiling at me
Nothing but Blue Skies
do I see,

Blue Cross
Had me agree
To a new Blue Cross
Policy!

Bluebirds
singing a song
Nothing but Bluebirds
all day long,

Blue Cross
Said I would be
Happy that Blue Cross
Covered me!

Never saw the sun
shining so bright,
Never saw things
going so right,

Then I took a fall,
Leg in a splint;
They said that I
Should read the fine print!

Noticing the days
hurrying by,
When you're in love
my! how they fly,

When a very high
Fever I ran,
They told me I
Took out the wrong plan!

Blue days
all of them gone
Nothing but blue skies
from now on.

That's Blue Cross!
There seems to be
Plenty for Blue Cross!
None for me!

43, 78 S.Ct. 667, 2 L.Ed.2d 583 (1958); Hill v. Whalen & Martell, 220 Fed. 359 (S.D.N.Y.1914). A parody is "A writing in which the language and style of an author, or poem, or other work, is closely imitated or mimicked." Webster's New International Dictionary (2d ed. 1960). Defendants have not parodied plaintiffs' lyrics. Rather, they have satirized, in original words and thought, several aspects of modern life.

The case relied on most heavily by plaintiffs indicates that the parody rule is inapplicable to the instant case. In Leo Feist, Inc. v. Song Parodies, Inc., 146 F.2d 400 (2d Cir. 1944), defendants published song lyric magazines (not a humor magazine) entitled "Popular Parody Hit Songs" and "Hit Parade Parody Songs". At the time, plaintiffs' songs were at the height of their popularity. Defendants included in their magazine certain lyrics on the same subject matter as plaintiffs', which paraphrased plaintiffs' lyrics. The district court held that this constituted clear infringement, finding that defendants' lyrics were

> " * * * a colorable alteration and an evasive imitation of the lyrics of said songs, which ordinary observation would cause to be recognizable as having been taken from the lyrics of said songs." Record on Appeal, p. 134.

The court further found

> "that defendants' use of such lyrics is not a fair use, but an attempt to evade plaintiffs' copyrights, with the intent to use such lyrics for the same purpose as plaintiff * * * in meeting the same demand on the same market in the course and conduct of defendants' businesses for profit, thereby impairing the value and prejudicing the sale of said songs." Record on Appeal, p. 135.

It is significant that plaintiffs in the Feist case, supra, had granted licenses to certain publishers of song lyric magazines. Thus, defendants were palming off their lyrics as plaintiffs' and capturing from plaintiffs' licensees some of the natural market for lyrics of plaintiffs' songs. There can be no valid contention in this case that defendants compete with plaintiffs or their licensees or that they are palming off their lyrics as plaintiffs'.

Plaintiffs further contend that defendants have infringed the copyright in their music by stating that the "Mad" lyrics can be sung to the tune of plaintiffs' compositions. Plaintiffs argue that this direction "has the same force and effect, as if the music of plaintiffs' respective compositions had been actually printed with defendants' parody lyrics thereto." Thus, they claim that there would be an infringement, even though the lyrics were completely dissimilar. They cite nothing in support of this proposition. It is difficult to see how music can be copied when it is not reproduced. Furthermore, if the reader is familiar with the music, it can only be the result of plaintiffs' efforts. Defendants are not the source of this knowledge.

Section 1 of 17 U.S.C. enumerates the exclusive rights granted to copyright holders. Insofar as applicable to songs such as plaintiffs', these rights are: "To print, reprint, publish, copy, and vend the copyrighted work" (section 1(a)); "to arrange or adapt [the work] if it be a musical work" (section 1(b)); "To perform the copyrighted work publicly for profit if it be a musical composition" (section 1(e)). Defendants have not infringed any of these rights by directing that their lyrics be sung to plaintiffs' music.

Thus, summary judgment must be granted for the defendants on all claims except the second and seventh.

The second claim refers to the song "Always". Defendants also entitle their lyric "Always" and caption it "A Psychiatrist Prescribes Treatment for a Patient". I find that there is a question of fact to be determined as to this claim. Plaintiffs' lyric revolves around the word "always" in such a way that it constitutes the theme of the song. The word "always" also appears to be an integral

part of the theme of defendants' lyric. Summary judgment on the seventh claim cannot be granted for a similar reason. This claim refers to the song "There's No Business Like Show Business." Defendants use substantially the same title for their lyric and both lyrics revolve around the word "business".

Defendants' motion for summary judgment is granted as to all claims except the second and seventh, as to which the motion is denied. Plaintiffs' motion for summary judgment is denied.

So ordered.