ROSA M. ARNOLD *v.* NEW YORK LIFE INSURANCE CO.

(*Jackson.* April Term, 1914.)

1. INSURANCE: Foreign life insurance companies.

Foreign life insurance companies authorized to do business in this State come within the provisions of the Act of 1906, ch. 457, and ch. 441, Acts of 1907. (*Post, pp.* 724, 725.)

Acts cited and construed: Acts 1906, ch. 457; Acts 1907, ch. 441.

2. INSURANCE: Application for life insurance policy no part of contract unless attached to policy.

Representations or warranties contained in an application for a life insurance policy are not available to the defendant insurance company as a defense in a suit on the policy unless the application or a copy thereof was attached to the policy at the time it was issued. (*Post, pp.* 725-727.)

Cases cited and approved: Ellis v. Insurance Co., 64 Iowa, 507; Goodwin v. Assurance Association, 97 Iowa, 226; Seiler v. Life Association, 105 Iowa, 87; Corson v. Insurance Co., 113 Iowa, 641; Lenox v. Insurance Co., 165 Pa., 575; Corley v. Protective Association, 105 Fed., 854; Nugent v. Life Association, 172 Mass., 278; Insurance Co. v. Howell, 68 Ohio, 614.

Cases cited and distinguished: Kirkpatrick v. Insurance Co., 19 L. R. A. (N. S.), 102; Johnson v. Insurance Co., 105 Iowa, 273.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Judge.

CARUTHERS EWING, for appellant.

MARION G. EVANS, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

On December 14, 1911, George Arnold, the husband of the complainant, signed an application for the purpose of obtaining a policy of life insurance for $10,000 in the defendant company. Soon thereafter the usual medical examination was had. Some independent inquiries were made by the company through its inspection agency in Memphis, concerning the life, health, and habits of the applicant. All being found satisfactory, the policy was issued.

Among the questions required to be answered in the application was No. 9, as follows:

"Have you ever had or suffered from any of the following diseases? Answer yes or no to each part of this query below:

"A. Of the brain or nervous system?

B. Of the heart or lungs?

C. Of the stomach or intestines, liver, kidneys, or bladder?

D. Of the skin, middle ear or eyes?

E. Rheumatism, gout, or syphilis?"

To all of these he answered "no," except the last. To this he replied that he had had rheumatism, one attack in May, 1911, lasting two days; that it was in his right foot, was mild, and the recovery complete.

The assured died of dropsy on December 9, 1912. The physician in attendance described his condition as follows: "He was very much swollen from dropsy, short of breath, very weak pulse, blue in color, and

131Tenn46

complaining of a good deal of pain in his chest and abdomen. Q. To what was the dropsical condition attributable? A. The dropsy was due to the failing of the heart muscle due to secondary disease of the valves.''

Proofs of death were duly furnished, and payment was refused by the defendant company.

The application was not attached to the policy, nor was any copy of it.

Nevertheless, the company set up in defense to the bill, the following printed statement contained in the application, viz.:

''I declare, on behalf of myself and of any person who shall have or claim any interest in any insurance made hereunder, that I have carefully read each and all of the above answers, that they are each written as made by me; that each of them is full, complete, and true, and that to the best of my knowledge and belief I am a proper subject for insurance.''

Defendant insisted that contrary to the answers given to the question quoted *supra,* and to other questions propounded in the application, the insured had really had diseases of the intestines, of the liver, of the bladder, of the kidneys, of the stomach, of the heart; and that he had gout; that he knew he had these diseases at the time the application was made, and denied the fact for the purpose of defrauding the company. It was also averred in defense that the insured, contrary to representations made in the application used alcohol to excess; and that he fraudulently denied

this fact. The points pressed were, however, with reference to the alleged disease of the heart, and gout, and the excessive use of alcohol.

A jury was called, and to appropriate issues submitted to them, answered, that at the time the insured made the application he had never in fact had any disease of the heart; that he did not make any misrepresentations when he stated that he had never had any disease of the stomach, or that he had never used alcohol to excess; that he did misrepresent when he answered that he had never had gout, but that such misrepresentation was not material to the risk; also that the defendant had not, with full knowledge of this misrepresentation, elected to waive it.

There was evidence to sustain the verdict.

Upon this verdict the chancellor entered a judgment against defendant for the amount of the policy and interest. Thereupon the company appealed to this court and has here assigned errors.

These errors cover all of the defenses made in the answer, and have all been fully considered, discussed, and disposed of in an oral opinion delivered by the court in the presence of the respective counsel. In this opinion we shall consider only one point. It is not embraced within those mentioned.

All of the defenses were based on alleged misrepresentations contained in the application. But as stated, the application was not attached to the policy. We have two statutes bearing on this subject.

Act of 1906, ch. 457:

"An act to be entitled An act establishing standard provisions and conditions to be contained in policies of life insurance issued by companies organized under the laws of this State, and companies licensed to do business in this State.

"Sec. 1. Be it enacted by the general assembly of the State of Tennessee, that no policy of life insurance shall be issued in this State, or be issued by a life insurance company organized under the laws of this State, unless the same shall contain the following provisions: . . . (subsec. 4) that all statements made by the insured, shall, in the absence of fraud, be deemed representations and not warranties, and that no such statement shall avoid the policy unless it is contained in a written application and a copy of such application shall be indorsed upon or attached to the policy when issued."

Ch. 441, Acts of 1907:

"An act to define and limit the provisions of the insurance contract, and to determine the place where such contract was made.

"Sec. 1. Be it enacted by the general assembly of the State of Tennessee, that every policy of insurance issued to or for the benefit of any citizen or resident of this State on or after the first day of July, 1907 by any insurance company or association doing business in this State, except fraternal beneficiary associations and mutual insurance companies or associations operating on the assessment plan, shall contain the entire contract of insurance between the parties to said con-

tract, and every such contract so issued shall be held as made in this State, and construed solely according to the laws of this State.''

Chapter 457 clearly applies to policies of foreign life insurance companies authorized to do business in this State as well as those issued by local companies. This is shown by the last clause of the caption, and by the general provisions appearing in section 1, ''that no policy of life insurance shall be issued in this State'' etc.

Chapter 441, with the exception stated therein of fraternal beneficiary associations and mutual insurance companies or associations operating on the assessment plan, is sufficiently general to cover all policies ''issued to or for the benefit of any citizen or resident of this State on or after the first day of July, 1907, by any insurance company.'' This would include foreign companies licensed to do business here, as well as domestic companies.

All policies both of domestic and foreign companies authorized to do business in this State, lying outside of the specially excepted classes, must be construed as falling under the provisions of these two statutes.

This of course would cover the defendant company. That company not falling within either of the excepted classes, and having failed to attach or incorporate the application or a copy thereof cannot rely on it, or take advantage of the breach of any of its terms, but must be held to have embraced all of the terms of the contract in the policy itself.

The same question has arisen in other jurisdictions and has been decided in the same way.

In *Kirkpatrick* v. *London Insurance Co.*, 19 L. R. A., (N. S.), 102, 104-105, the supreme court of Iowa, discussing a similar provision said:

"The section of the Code which we are now asked to interpret has frequently been considered by this court, and has been liberally applied in excluding an insurance company from relying in any way upon representations or warranties contained in an application, a copy of which has not been incorporated into or attached to the policy; and the purpose of the statute has been declared in a general way to be the prevention of any representations or warranties in the application being considered a portion of the contract, or available to the company as a defense, unless a copy of the application is incorporated or attached. *Ellis* v. *Council Bluffs Ins. Co.*, 64 Iowa, 507, 20 N. W., 782; *Goodwin* v. *Provident Sav. Life Assur. Asso.*, 97 Iowa, 226, 32 L. R. A., 473, 59 Am. St. Rep., 411, 66 N. W., 157; *Seiler* v. *Economic Life Asso.*, 105 Iowa, 87, 43 L. R. A., 537, 74 N. W., 941; *Corson* v. *Anchor Mut. F. Ins. Co.*, 113 Iowa, 641, 85 N. W., 806. 'An evident purpose of this statute is that, when the application is made a part of the contract, . . . a true copy must be attached to the policy, so that the writings composing the contract may all appear together, and that the insured may be in possession of the evidence of what his contract is.' *Johnson* v. *Des Moines L. Ins. Co.*, 105 Iowa, 273, 75 N. W., 101."

Arnold v. Insurance Co.

To the same effect are the following authorities: *Lenox* v. *Greenwich Ins. Co.*, 165 Pa., 575, 30 Atl., 940; *Corley* v. *Travelers' Protective Ass'n*, 105 Fed., 854, 46 C. C. A., 278; *Nugent* v. *Greenfield Life Assn.*, 172 Mass., 278, 52 N. E., 440; *Metropolitan Life Ins. Co.* v. *Howell*, 68 Ohio, 614, 68 N. E., 4.

Without pursuing the subject further, it is sufficient to say that not only for the reasons stated in the oral opinion, but without regard to these, and on the single ground considered in this opinion, the decree of the chancellor was correct, and must be affirmed.