Massachusetts Mutual Life Insurance Company, Appellant, *v.* Kathryn A. Lord, Respondent.

First Department March 5, 1963.

*Edward T. Post* of counsel (*Rowland H. Long* with him on the brief; *Tanner, Friend, Kinnan & Post,* attorneys), for appellant.

*David B. Silverman* of counsel (*Samuel Silverman,* attorney), for respondent.

Stevens, J.   On December 16, 1958, plaintiff issued a life insurance policy to one Benjamin Lord, in which Lord's wife, Kathryn, was named beneficiary.   Because of Lord's impaired

health the rating under which the policy was issued set forth an annual special class premium of $5,512. Lord transferred ownership of the policy to his wife, the defendant. About one year later defendant made application for removal of the special rating and adjustment of the premium. Defendant and the assured executed and submitted the necessary papers, parts 1 and 2, in which certain representations were made concerning the health of the assured. Defendant agreed to be bound by such representations. Relying on the statements in the application, plaintiff reduced the rate to the standard rate of $4,438, and attached its indorsement to the policy. The papers applying for **the adjustment were not so** attached, though copies of the assured's initial application for insurance had been attached to the policy at the time of delivery and are not in issue here.

Plaintiff alleges the representations concerning the assured's health are false, and seeks to rescind the adjustment of rating indorsement and restore the special rate. No issue of cancellation of the policy is involved.

The first affirmative defense pleads noncompliance with subdivision 1 of section 142 of the Insurance Law, in that neither a copy of part 1 or part 2 of the written application for adjustment and removal of the special rating was indorsed upon or attached to the policy.

The plaintiff brings this appeal from an order entered December 4, 1961, which denied its motion to strike the first affirmative defense for insufficiency.

The single question is whether subdivision 1 of section 142 of the Insurance Law requires that an adjustment of rating indorsement contain a copy of the application upon which such adjustment is made, and does failure to do so bar the introduction into evidence of the application which allegedly contains the material misrepresentations.

Subdivision 1 of section 142 of the Insurance Law provides: "1. Every policy of life, accident or health insurance, or contract of annuity, delivered or issued for delivery in this state shall contain the entire contract between the parties, and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application, or other writings, unless a copy thereof is endorsed upon or attached to the policy or contract when issued. No application for the issuance of any such policy or contract shall be admissible in evidence unless a true copy of such application was attached to such policy when issued."

The policy proper has been in effect since December 16, 1958, and is not now under attack. Only a question of the amount of the premium payment is involved. Unless there has been a lapse

or some period of policy ineffectiveness, a simple rate modification within the policy should not constitute an issuance or delivery of the policy within the meaning of subdivision 1 of section 142 of the Insurance Law.

The application for insurance, the policy proper and any supplemental rider are to be read together and construed as a single instrument (*Berkshire Life Ins. Co. v. Weinig*, 290 N. Y. 6, 10). The rate adjustment indorsement did not vary the coverage. The purpose of section 142, requiring the whole contract to be stated in the policy was for the protection of the insured and of beneficiaries (*Bible v. John Hancock Mut. Life Ins. Co.*, 256 N. Y. 458, 464, referring to former section 58, upon which subdivision 1 of section 142 is based). The requirement is made so that " when the assured receives a policy of life insurance he may be able to read, in the policy itself, every provision of the contract the insurance company has made and every material representation which he may have made to induce the company to issue the policy " (*Abbott v. Prudential Ins. Co.*, 281 N. Y. 375, 383). By its language the statute refers to issuance or delivery at the inception of coverage, or when there is a modification or change in coverage which, in legal effect, becomes a new contract. The section was not intended to permit fraud in the payment of premiums, nor to apply to a mere internal modification (cf. *New York Life Ins. Co. v. Rosen*, 227 App. Div. 79, affd. 255 N. Y. 567; *Axelroad v. Metropolitan Life Ins. Co.*, 267 N. Y. 437).

To permit the defense to stand or to prohibit admission of parts 1 and 2 into evidence, is to compel a knowing violation by plaintiff of section 209 of the Insurance Law, which prohibits " unfair discrimination between individuals of the same class and of equal expectation of life, in the amount or payment or return of premiums, or rates charged by it for policies of life insurance " etc. The construction argued for by defendant would render ineffective the prohibition of subdivision 1 of section 209. This danger is avoided and the statute harmonized by construing " issued " or " delivered " as above set forth (see McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 143, 144, 231).

The order appealed from should be reversed on the law and the motion to strike granted, with costs.

VALENTE, J. (dissenting). Subdivision 1 of section 142 of the Insurance Law, quoted verbatim in the majority opinion, provides that every policy of life insurance delivered in the State must contain the entire contract between the parties, and that no application for the issuance of any such policy should

be admissible in evidence unless a true copy of such application was attached to the policy when issued. This is a mandate that all matters affecting the validity of the policy be incorporated in one single instrument so that the insured and beneficiaries have notice of everything upon which the insurer might rely at a subsequent time in resisting payment on the policy. (See *Bible* v. *John Hancock Mut. Life Ins. Co.*, 256 N. Y. 458, 464, and *Abbott* v. *Prudential Ins. Co.*, 281 N. Y. 375, 382, cited in the majority opinion of STEVENS, J.)

I disagree with the majority of the court, and would hold that subdivision 1 of section 142 of the Insurance Law precluded the introduction in evidence of the application for an adjustment of rating indorsement, since the application was never attached to the policy. The indorsement itself was attached to the policy and the present action is to rescind the indorsement on the ground that the written application for an adjustment of rating contained material representations.

The majority agrees that the policy and any supplemental rider or indorsement are to be read together and construed as a single instrument. In *Matter of Massachusetts Mut. Life Ins. Co.* v. *Thacher* (15 A D 2d 242, 246, affd. 11 N Y 2d 923) this court, in its majority opinion, said : '' In the absence of statutory provisions, a rider attached to the face of the policy or referred to therein is a part of the insurance contract (*Davern* v. *American Mut. Liab. Ins. Co.*, 241 N. Y. 318; *Hukle* v. *Great Amer. Ins. Co.*, 230 App. Div. 477 [liability insurance policies]; *Berkshire Life Ins. Co.* v. *Weinig*, 290 N. Y. 6 [life insurance]).''

In Couch, Insurance (2d ed., vol. 1, § 4:36, p. 193) it is said: '' The policy and its indorsements validly made a part thereof together form the contract of insurance, and are to be read together to determine the contract actually intended by the parties.''

But despite recognition of the unity of the original policy and a subsequent indorsement, the majority would limit the effect of subdivision 1 of section 142 of the Insurance Law solely to the policy issued at the inception of the coverage. The basis for that conclusion seems to be that the modification effected by the indorsement in the instant case should be regarded as merely an '' internal modification '' regarding only the amount of premium.

But, the premium is of the very essence of a contract of insurance. (1 Couch, Insurance [2d ed.], § 2:5, p. 107.) So far as the insurer is concerned, the premium represents the consideration paid for the assumption of the obligations under the contract of insurance. It is difficult then to agree with reasoning which

minimizes and reduces the factor of the amount of premium to an inconsequential aspect of an insurance contract.

The modification of the policy effected by the indorsement concerned an essential and vital element of the contract. As such, when the indorsement was attached to the policy, there was. a reissue and redelivery of the policy so as to make subdivision 1 of section 142 of the Insurance Law applicable to the modified policy.

The plaintiff, in fact, recognized the necessity for attaching the application for the indorsement since the application contained the following statement:

" I understand and agree that:

" 1. This application consisting of Parts 1 and 2 taken together shall form the basis of the contract applied for *and shall become a part of said contract when issued.*" (Emphasis mine.)

In *Blatz* v. *Travelers Ins. Co.* (272 App. Div. 9, 13) the court adverted to a similar situation where the company apparently recognized the requirement for attaching the application to the policy.

Cases like *New York Life Ins. Co.* v. *Rosen* (227 App. Div. 79, affd. 255 N. Y. 567) and *Axelroad* v. *Metropolitan Life Ins. Co.* (267 N. Y. 437) which held that applications for reinstatement of policies which had lapsed need not be attached to the policy under subdivision 1 of section 142 of the Insurance Law, are distinguishable. In *Axelroad,* LEHMAN, J., said (p. 448): " but the reason the Legislature did not include applications for reinstatement within the express terms of that section is that the evils which the Legislature sought to remedy were not as apparent in such case, for all the terms and conditions of the contract of reinstatement were already embodied in a single document, i.e., the application itself." Moreover, by chapter 882 of the Laws of 1939 subdivision 5 of section 142 was added which deals specifically with applications regarding reinstatements and renewals of policies of insurance, indicating clearly the legislative intent to treat such applications differently from other applications.

In *Southland Life Ins. Co.* v. *Donati* (201 Va. 855, 861) the court in discussing the Virginia statute corresponding to our subdivision 1 of section 142 of the Insurance Law, said: " The statute before us, remedial in nature, is couched in imperative and vigorous language. It should not be frittered away by nice distinctions but should be construed so as to accord substance to its terms and make effective its purpose."

If controversies are to be foreclosed by attaching applications (see *Bible* v. *John Hancock Mut. Life Ins. Co., supra,* p. 464)

and if assureds are to be protected by providing that policies of insurance and their indorsements contain every provision of the contract and every representation claimed to have been made, there should then be no relaxation of the requirements of subdivision 1 of section 142 of the Insurance Law. The dispute presented by this appeal could have been avoided by the simple expedient of compliance with the statute by attaching the application. We should not by any loose interpretation of the statute permit the type of litigation sought to be eliminated by the statute.

I, therefore, dissent and would affirm the order sustaining the sufficiency of the defenses predicated on subdivision 1 of section 142 of the Insurance Law.

RABIN and NOONAN, JJ., concur with STEVENS, J.; VALENTE, J., dissents in opinion in which BREITEL, J. P., concurs.

Order entered on December 4, 1961, so far as appealed from, reversed, on the law, with $20 costs and disbursements to the appellant, and the motion to strike granted, with $10 costs.