■ THOMAS McGUINNESS et al., Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION et al., Appellants.— In an action to declare that the plaintiff Thomas McGuinness is an insured "relative" within the meaning of the New York Automobile Accident Indemnification Endorsement affixed to a policy of automobile liability insurance issued by the defendant Hanover Insurance Company to the coplaintiff Theodore Fereance (who is alleged to be the father-in-law of and to reside with the said plaintiff McGuinness), the defendants appeal from an order of the Supreme Court, Queens County, dated August 15, 1962, which granted plaintiffs' motion for summary judgment. Order affirmed, with $10 costs and disbursements. The indorsement provides that the defendant Motor Vehicle Accident Indemnification Corporation (hereafter referred to as "MVAIC") "will pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile." The word "insured" is defined in the indorsement as "the named insured and, while residents of the same household, his spouse and the relative of either." In their examination before trial, plaintiffs submitted considerable documentary and other proof which enabled defendants, if they had so desired, to verify the truth of plaintiffs' claim that McGuinness is the son-in-law of Fereance and that they reside together. In the circumstances, summary judgment is not to be denied to plaintiffs merely because defendants say they have no knowledge of such essential facts (*Overseas Reliance Tours & Travel Serv.* v. *Sarne Co.*, 17 A D 2d 578, 579; *Suslensky* v. *Metropolitan Life Ins. Co.*, 180 Misc. 624, 626, affd. 267 App. Div. 812; *Kessler* v. *Cosmopolitan Mut. Ins. Co.*, 33 Misc 2d 824, 826). Defendants contend that a son-in-law is not a "relative" within the meaning of the MVAIC indorsement and that said term should be construed as meaning a relative by blood but not by affinity. Defendants do not disagree with the principle that the language in a policy, because it is that of the insurance company, should be construed strictly against the company (*Janneck* v. *Metropolitan Life Ins. Co.*, 162 N. Y. 574, 577); and defendants concede that, based upon this principle, the word "relative" in insurance policies has been judicially construed either narrowly or broadly, depending upon which construction would result in coverage. Defendants argue, however, that this principle of construction is inapplicable here because the language of the indorsement on this policy is the product of legislation and does not represent the choice of the company. Although the subject provision relating to uninsured automobiles is required by law to be contained in every motor vehicle personal liability policy issued in this State, the statute leaves it to the defendant MVAIC, subject to the approval of the Superintendent of Insurance, to define the "insured" in such provision (Insurance Law, § 167, subd. 2-a). The necessity for approval by the Superintendent of Insurance does not render the language used in the definition that of the State (*Matter of Metropolitan Life Ins. Co.* v. *Conway*, 252 N. Y. 449, 451; *Kocak* v. *Metropolitan Life Ins. Co.*, 237 App. Div. 780, 782, affd. 263 N. Y. 518). Hence, there is no reason here for a departure from the well-settled principle that, if an insurance policy be of doubtful construction, the doubt must be resolved in the insured's favor (cf. *Berkshire Life Ins. Co.* v. *Weinig*, 290 N. Y. 6, 9–10; *Janneck* v. *Metropolitan Life Ins. Co.*, 162 N. Y. 574, 577, *supra*; *Appleton* v. *Merchants Mut. Ins. Co.*, 16 A D 2d 361, 363). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur. [35 Misc 2d 827.]