RUDOLFO NICCOLI, Respondent, v. MONARCH LIFE INSURANCE COMPANY, Appellant.— In an action to recover benefits under the total disability provision

of an insurance policy, defendant appeals from a judgment of the Supreme Court, Kings County, entered February 1, 1973, in favor of plaintiff, upon a jury verdict. Judgment modified, in the exercise of discretion, by striking therefrom the award of an additional allowance and by reducing the total recovery accordingly. As so modified, judgment affirmed, with costs to respondent. At issue herein was whether plaintiff, a physician specializing in obstetrics and gynecology, was totally disabled within the meaning of the insurance policy. In our opinion, this case was neither difficult nor extraordinary and the granting of an additional allowance under CPLR 8303 (subd. [a], par. 2) was an abuse of discretion (*Thompson* v. *Prudential Ins. Co. of Amer.*, 266 App. Div. 783; *Matter of Prime*, 254 App. Div. 685, affd. 278 N. Y. 601). Martuscello, Acting P. J., Christ, Brennan and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: The question we have been called upon to decide is whether plaintiff was totally disabled under the terms of an insurance policy which defines total disability as follows: " Wherever used in this policy ' total disability ' means the complete inability of the Insured to engage in his regular occupation." Plaintiff is a physician who specialized in the private and hospital practice of obstetrics and gynecology. In 1964 he obtained a policy of insurance protecting him against the financial consequences of total disability rendering him completely unable to engage in his regular occupation. After sustaining a heart attack in 1967 he accepted employment as the director of family planning and sex education at the Coney Island Hospital. In this new position, which dealt with obstetrical and gynecological problems, he performed many of his prior duties in the hospital's obstetrics and gynecology department. Additionally, the record shows that after the heart attack he was physically able to resume his private practice as before, except for the performance of surgical procedures. Further, his income before and after the heart attack was substantially the same. At the close of the entire case Trial Term denied defendant's motion for judgment. Further, it refused to set aside the jury verdict and direct a verdict in defendant's favor. In my opinion, this was error because plaintiff had failed to establish his " complete inability ⁿ ° ⁿ to engage in his regular occupation." An occupational disability clause contemplates a disability which renders the insured unable to perform all the substantial and material acts necessary to the prosecution of his occupation (*McGrail* v. *Equitable Life Assur. Soc. of U. S.*, 292 N. Y. 419; 31 N. Y. Jur., Insurance, § 1372). The undisputed evidence demonstrates that plaintiff returned to a staff position in the OB-GYN department of Coney Island Hospital, that he was still capable of maintaining a private gynecological practice and that he was engaging in a subspecialty of OB-GYN for which he was particularly suited as a physician with his training. Clearly plaintiff is able to perform a substantial part of his duties. Accordingly, I would reverse the judgment and dismiss the complaint. [70 Misc 2d 147.]