OPINION OF THE COURT
Edward M. O’Gorman, J.
The defendant issued an insurance policy to the plaintiffs which contained an exclusion from coverage for loss of "any device or instrument for the recording, reproduction or recording and reproduction of sound which may be operated by power from the electrical system of a motor vehicle, or any tape, wire, record disc or other medium for use with any such device or instrument while any of said property is in or upon a motor vehicle.”
*122 Plaintiffs filed, a claim under the policy for the loss of two "CB” radios which were allegedly stolen from plaintiffs’ vehicle. The defendant contends that the radios were excluded from the coverage of the policy. Plaintiffs contend that the exclusionary clause does not apply to CB radios, and further allege that upon making a request for an additional indorsement to cover the CB radios, they were advised by defendant’s agent that the radios were already covered under the provisions of the existing policy.
While a CB radio is operated by power from the electrical system of a motor vehicle, it is not a device or an instrument for recording or reproducing sound, nor is it included in the terms "tape, wire, record disc or other medium for use with any such device or instrument”.
While a radio is a device which transmits sound, it is not involved in the "reproduction” of sound as that term is ordinarily defined. According to Webster’s Third International Revised Dictionary, to "reproduce” means, among other things, "to produce again: as, to produce again by generation; to cause to be or seem to be repeated: to bring about again”. A radio, on the other hand, is an instrument whereby electronic waves are converted into sound so that they are, simultaneously with their transmission, audible to the radio listener. A radio does not reproduce the sound anew or again, as the term "reproduce” is defined.
In the light of the foregoing, plaintiffs’ contention with respect to the language in the indorsement would seem to be correct. If there be ambiguity in the description of the items excluded from the policy coverage, it should be borne in mind that the language being construed was inserted in the policy by the insurer, and should be construed in the light of the court’s declaration in McGuinness v MVAIC (18 AD2d 1100): "Hence, there is no reason here for a departure from the well-settled principle that, if an insurance policy be of doubtful construction, the doubt must be resolved in the insured’s favor (cf. Berkshire Life Ins. Co. v. Weinig, 290 N. Y. 6, 9-10; Janneck v. Metropolitan Life Ins. Co., 162 N. Y. 574, 576-577, supra; Appleton v. Merchants Mut. Ins. Co., 16 A D 2d 361, 363).”
This motion will be treated as a motion for summary declaratory judgment, and the court hereby declares that the language of the policy quoted above did not exclude CB radios in the plaintiffs’ vehicle from its coverage, and in view of this *123 determination it will be unnecessary to consider the question of estoppel raised by the plaintiffs.
Whether plaintiffs will be entitled to final judgment herein will depend on proof of the remaining allegations of the complaint.