■ IRWIN MICHELSON, Appellant, v MASSACHUSETTS CASUALTY INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered April 19, 1983 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint. ¶ In 1967 and 1969, defendant issued two disability insurance policies to plaintiff. In the first policy, the "maximum indemnity period" was specified on page 1 of the policy to be 24 months. The maximum indemnity period in the second policy was specified on page 2 of the policy to be 30 months. Those were the absolute limits of indemnity. ¶ In January, 1972, defendant issued amendment riders to both policies at no additional cost to plaintiff. The riders stated: "The definition of 'total disability' as it appears in the second paragraph of PART I or in any Riders attached to this Policy is hereby amended to provide that the words 'sixty (60) months' appearing therein are deleted and the words 'one hundred twenty (120) months' substituted therefor." To determine the meaning of the rider, it is necessary to examine the portion of the policy amended by the rider. To clarify what happened, we restate the text of the policy and enclose the deleted words with brackets and underline the substituted words of the rider. "The term 'total disability' shall mean complete inability to engage in the Insured's regular occupation for not exceeding the first [60] *one hundred twenty* months of continuous disability or for the Maximum Indemnity Period specified in the Policy Schedule if such period is

less than [60] *one hundred twenty* months. For the balance of the same disability after the first [60] *one hundred twenty* months, if covered by this Policy, the term 'total disability' shall mean complete inability to engage in any gainful occupation for which the Insured is reasonably fitted having due regard. for his education, training and experience." The rider in no way amended the maximum indemnity periods of the policies which, in this case, were considerably less than 120 months. The language of the policies as amended was clear and unambiguous (see, e.g., *Walters v Great Amer. Ind. Co.,* 12 NY2d 967; *Massachusetts Mut. Life Ins. Co. v Lord,* 18 AD2d 69, 71 affd 13 NY2d 1096). ¶ In 1979, plaintiff became disabled and submitted claims under his two policies and was paid during the maximum indemnity period set forth in his policies. He demanded that payments continue for a total of 120 months, but defendant refused. Plaintiff contended that the cover letters accompanying the riders granted an extension of the maximum indemnity period to 120 months. The cover letters, which were obviously form letters, referred to the attached riders and stated: "The *definition* of total disability covers you in your regular occupation or profession for one hundred twenty (120) months following the waiting period." By underlining the word "definition", defendant endeavored to emphasize that only a definition was amended. The letter makes no reference at all to maximum indemnity periods. Those periods were stated in an entirely different section of the policy and their duration depended upon the amount of premiums the insured was willing to pay. ¶ Plaintiff has commenced this action alleging numerous causes of action. Special Term granted summary judgment dismissing the complaint in its entirety. On appeal, plaintiff argues that the cover letters which accompanied the amendment riders were ambiguous, thus creating questions of fact making summary judgment inappropriate. The construction and interpretation of an insurance policy and other written instruments is initially a question of law for the court (*Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 32, affd 49 NY2d 924). We agree with Special Term's holding that the cover letters and the attached riders were unambiguous. That being the determinative issue, all causes of action fail. ¶ Order affirmed, with costs. ¶ Main, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.