■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v HOWARD GELLER, Respondent. [630 NYS2d 803] —In a proceeding to stay arbitration pursuant to CPLR article 75, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Stolarik, J.), dated December 23, 1993, as, after a hearing, denied its motion to permanently stay arbitration and directed the parties to proceed to arbitration before the American Arbitration Association.

Ordered that the order is modified, on the law and the facts, by deleting therefrom the provision directing arbitration before the American Arbitration Association and substituting therefor a provision directing arbitration before a three-member panel pursuant to the terms of the insurance policy in question; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the assertions of the petitioner Allstate Insurance Company (hereinafter Allstate), the evidence supports the hearing court's determination that the respondent was a "resident of the same household" as the holder of a policy issued by Allstate *(see, Kradjian v American Mfrs. Mut. Ins. Co.,* 206 AD2d 801; *New York Cent. Mut. Fire Ins. Co. v Kowalski,* 195 AD2d 940; *Vega v City of New York,* 194 AD2d 537; *McGuinness v MVAIC,* 18 AD2d 1100). Thus, the respondent was an insured party for purposes of the uninsured motorist endorsement of the subject policy. However, the court erred in directing arbitration before the American Arbitration Association (hereinafter AAA).

Pursuant to the terms of the subject policy, a timely objection to arbitration before the AAA by either party requires that arbitration proceed before a three-member panel. Here, Allstate received the demand for arbitration on May 1, 1992, and objected on May 19, 1992, to arbitration before the AAA. Thus, Allstate's objection to arbitration before the AAA was timely and arbitration before a three-member panel pursuant to the terms of the contract is required *(see,* CPLR 7503; *Matter of Aetna Cas. & Sur. Co. v Jones,* 188 AD2d 597; *Matter of Allstate Ins. Co. [Metayer],* 137 AD2d 454; *Matter of Aetna Cas. & Sur. Co. v Cinisomo,* 197 AD2d 683).

We have considered Allstate's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.