■ ARTHUR SCHEUERMAN, Appellant, v ST. LUKE'S-ROOSEVELT HOSPITAL CENTER, Respondent. [657 NYS2d 1004] —In an action

to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated March 26, 1996, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is modified, on the law, by (1) deleting therefrom the provision granting the defendant's motion for summary judgment and substituting therefor a provision denying the motion, and (2) deleting therefrom·the provision denying the plaintiff's cross motion for summary judgment in its entirety and substituting therefor a provision granting that cross motion to the extent of awarding partial summary judgment to the plaintiff as to disability payments due from April 18, 1992, through October 22, 1993, and otherwise denying the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.

The unambiguous terms of an agreement and general release entered into by the parties on October 22, 1991, provide that if the plaintiff was unable to perform the duties of his "regular occupation", he was to receive disability payments for at least two years after the agreement was executed. Accordingly, as a matter of law, the plaintiff was entitled to disability payments from April 18, 1992, through October 22, 1993. However, pursuant to the agreement and general release, the definition of "total disability" and "totally disabled" changed after two years to refer to the plaintiff's inability to "perform each of the material duties of any gainful occupation for which [he] is reasonably fitted by training, education, or experience". With respect to this period there is an issue of fact as to if and when, after October 22, 1993, the plaintiff was no longer "totally disabled". Mangano, P. J., Joy, McGinity and Luciano, JJ., concur.