■ ESTATE OF ANDRE JERVIS, Deceased, et al., Appellants, v TEACHERS INSURANCE AND ANNUITY ASSOCIATION et al., Respondents. [760 NYS2d 495] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered August 24, 2001, which granted the motions of defendant Teachers Insurance and Annuity Association (TIAA) and defendant PSC-CUNY Welfare Fund (PSC-CUNY) for summary judgment dismissing plaintiff's complaint, unanimously reversed, on the law, without costs, the motions denied and the complaint reinstated.

Plaintiff's decedent, Andre Jervis, was employed by the Medgar Evers College of CUNY from November 1989 until June 30, 1995. In November 1994, Mr. Jervis was diagnosed with head and neck cancer, for which he began immediate treatment, including surgery and radiation treatments. In June 1995, he applied to TIAA for total disability benefits, claiming that he had become unable to work as a result of his condition as of November 28, 1994. While he continued to report to work sporadically, he last worked in his position at Medgar Evers College on May 25, 1995, and was terminated from his employment there effective June 30, 1995. Subsequently, Mr. Jervis was employed by the American Indian Community House, Inc. from January to September 1996, and by FEDCAP Rehabilitation Services from June 23, 1997 until his death, due to the cancer, on September 1, 1997.

Although initially, in a letter dated August 28, 1995, TIAA conditionally approved Mr. Jervis's claim for benefits, to begin December 1, 1995, in a subsequent letter dated January 19, 1996, TIAA declined his application for total disability benefits. The denial of benefits was based on the December 19, 1995 report of his treating physician, Dr. Larry Shemen, which indicated that Mr. Jervis was able to return to light work six to eight hours a day as of his last examination on October 18, 1995, and from that date on could perform any occupation or his regular occupation. Because benefits become payable under the policy following six continuous months of total disability, TIAA concluded that the medical documentation did not support continued total disability status.

This action, brought by the decedent's mother as executor of his estate, alleges that defendant breached the terms of the policy by declining to pay Mr. Jervis benefits. Defendants' motions for summary judgment dismissing the complaint contended that their denials of benefits were proper under the

terms of the policies, in view of Mr. Jervis's employment at the time of, and subsequent to, his claimed disability. PSC-CUNY also argued that there was no evidence that it played any role in the denial of Andre Jervis's benefits.

The motion court granted the motions and dismissed the complaint, with the observation that plaintiff's own doctor found that he was able to work. We now reverse and reinstate the complaint.

According to plaintiff's submissions on this motion, Mr. Jervis was very seriously ill during the period in question. He underwent radiation therapy for approximately eight months beginning in January 1995, the effects of which included nausea, diarrhea and vomiting, loss of appetite, weight loss, frequent infections, shortness of breath and extreme fatigue. He was able to report to work only infrequently and was frequently unable to remain at work on those occasions when he reported in. Indeed, Mr. Jervis's mother states that it was the denial of benefits that forced him to attempt to take subsequent employment, despite his deteriorating medical condition.

Particularly in view of this showing, the checked-off boxes on the form report filled out by Dr. Shemen do not establish as a matter of law that Mr. Jervis was not totally disabled according to the policy's definition, that is, "unable due to sickness, bodily injury or pregnancy to perform any occupation for which the Employee is reasonably suited by education, training or experience." Rather, Dr. Shemen's responses on the form report merely create a question of fact as to whether decedent was disabled as defined by the policy (*see Acquista v New York Life Ins. Co.,* 285 AD2d 73 [2001]). Indeed, plaintiff must have the opportunity to depose Dr. Shemen to clarify his understanding of Mr. Jervis's medical condition at the time of his report.

Defendant's reliance on *Kunstenaar v Connecticut Gen. Life Ins. Co.* (902 F2d 181 [1990]), for the proposition that plaintiff's continued attendance at his job through May 1995 mandated a finding, as a matter of law, that he could not be disabled, is misplaced; the plaintiff in *Kunstenaar* worked steadily, without missing a day, until his discharge, and received no relevant medical care prior to discharge. Similarly distinguishable are *Taterka v Nationwide Mut. Ins. Co.* (91 AD2d 568 [1982], *affd* 59 NY2d 743 [1983]) and *Centennial Life Ins. Co. v Scherrer* (191 AD2d 298 [1993]).

TIAA appears to be serving as the agent of PSC-CUNY for the administration of benefits to CUNY employees. Accordingly, summary judgment dismissing the complaint as against

PSC-CUNY is not appropriate at this juncture. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.