■ James J. White, Jr., M.D., Appellant, v Continental Casualty Company, Defendant, and Life Insurance Company of Boston & New York, Respondent. [831 NYS2d 631]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered December 27, 2005 in a breach of contract action. The order, insofar as appealed from, granted the motion of defendant Life Insurance Company of Boston & New York for summary judgment dismissing the complaint against it and denied that part of plaintiff's motion for summary judgment against that defendant.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff, a physician formerly specializing in orthopedic spinal surgery, commenced this action to recover benefits for a claimed total disability under a disability income policy issued by Life Insurance Company of Boston & New York (defendant). Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint against it and denied plaintiff's motion for summary judgment. The policy provides that the insured is totally disabled if he is "unable to perform the substantial and material duties of [his] Occupation" (in the case of plaintiff, his former medical specialty of orthopedic spinal surgery) as a result of injury or sickness, and if he is "not performing the duties of any gainful occupation for which [he is] reasonably fitted by education, training, or experience." We reject plaintiff's contention that the pertinent provisions of the policy are ambiguous (*see Michelson v Massachusetts Cas. Ins. Co.*, 102 AD2d 1003, 1004 [1984]; *see also Beck v Massachusetts Cas. Ins. Co.*, 1988 WL 33916, *2 [ED Pa, Mar. 31, 1988], *affd* 862 F2d 306 [3d Cir 1988]; *see generally Scheuerman v St. Luke's-Roosevelt Hosp. Ctr.*, 239 AD2d 333, 334 [1997]) and that they render the disability coverage "illusory." Further, although we conclude as a matter of law that plaintiff is, as a result of injury or sickness, unable to perform the substantial and material duties of his former occupation as a surgeon, we nonetheless conclude as a matter of law that plaintiff remains actually engaged in a "gainful occupation for which [he is] reasonably fitted by [his] education, training, or experience." The record establishes that plaintiff has maintained his medical practice, in which he renders second opinions with regard to surgery, performs independent medical examinations, and provides expert medical testimony, all in connection with spinal injuries. Further, plaintiff testified at his deposition that, in carrying out such duties, he utilizes his education, training, and experience as an orthopedic surgeon.

All concur except Gorski, J.P., and Green, J., who dissent in part and vote to modify in accordance with the following memorandum.

Gorski, J.P., and Green, J. (dissenting in part). We respectfully dissent in part. "[I]t is generally a question for the jury to determine whether a policyholder is totally disabled within the meaning of the policy provision" (*Godesky v First Unum Life Ins. Co.*, 239 AD2d 547, 548 [1997], citing *McGrail v Equitable Life Assur. Socy. of U.S.*, 292 NY 419, 425 [1944], *rearg denied* 293 NY 663 [1944]; *see Niccoli v Monarch Life Ins. Co.*, 70 Misc 2d 147, 149-150 [1972], *affd* 45 AD2d 737 [1974], *affd* 36 NY2d 892 [1975]). We agree with the majority that plaintiff meets the first requirement of the policy definition of "total disability" as a matter of law. Plaintiff, due to injury or sickness, is unable to perform the substantial and material duties of his occupation as an orthopedic surgeon specializing in spinal surgery. We do not agree with the majority, however, that plaintiff fails as a matter of law to meet the second requirement of the policy definition, i.e., that he is "not performing the duties of any gainful occupation for which [he is] reasonably fitted by education, training, or experience." Rather, the evidence with respect to the nature and extent of plaintiff's activities raises a triable issue of fact whether plaintiff is totally disabled within the meaning of the second requirement of the policy definition of "total disability" (*see Estate of Jervis v Teachers Ins. & Annuity Assn.*, 306 AD2d 123, 124 [2003]; *Scheuerman v St. Luke's-Roosevelt Hosp. Ctr.*, 239 AD2d 333, 334 [1997]; *Greenbaum v Prudential Ins. Co. of Am.*, 74 AD2d 757 [1980], *lv dismissed* 51 NY2d 703, 745 [1980]; *see generally Niccoli*, 70 Misc 2d at 149-150). We therefore would modify the order by denying the motion of defendant Life Insurance Company of Boston & New York and reinstating the complaint against it. Present—Gorski, J.P., Fahey, Peradotto, Green and Pine, JJ.